IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| WILBERT PRITCHETT, | : | |
|---|---|---|
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION: 21-00160-TFM-MU |
| | : | |
| BP AMERICA PRODUCTION CO., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **REPORT & RECOMMENDATION**

Before the Court is *pro se* Plaintiff's failure to comply with the Court's March 3, 2023 Order. Doc. 112. The case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72(a)(2)(R) for appropriate action.

To date, Plaintiff has now been directed three times to inform the Court of how he intends to proceed against Defendant AMS Staff Leasing N.A., Inc., who has yet to appear in the case. Docs. 108, 111, 112. Plaintiff was last directed in the Order entered March 3, 2023, to inform the Court by March 17, 2023 of his intentions with respect to Defendant AMS Staff Leasing N.A., Inc., or risk dismissal of the defendant under Fed. R. Civ. P. 41(b). Doc. 112.

This deadline has come and gone, and Plaintiff has again failed to comply with the Court's order. As previously warned, failure to comply will result in dismissal of Defendant AMS Staff Leading N.A. for failure to prosecute and failure to comply with a court order, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, as no other lesser sanction will suffice. *See Link v. Wabash R. R.*, 370 U.S. 626, 630, 82 S. Ct.

1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] ... ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980). Accordingly, Defendant AMS Staff Leasing N.A. should be dismissed from the action.

It is hereby **RECOMMENDED** that Defendant AMS Staff Leasing N.A. is **DISMISSED** from this action.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in

the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** and **ORDERED** this **27th** day of **March**, **2023**.

                                      s/P. Bradley Murray
                                      UNITED STATES MAGISTRATE JUDGE