IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILBERT PRITCHETT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 1:21-cv-160-TFM-MU |
| | ) |
| **BP AMERICA PRODUCTION CO.,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On April 26, 2023, the Magistrate Judge entered a Report and Recommendation which recommends this case be dismissed for failure to prosecute and obey court order under Fed. R. Civ. P. 41(b). *See* Doc. 115. No objections were filed and the time frame has passed.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for

lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

On December 12, 2022, the Court held a telephone conference in which the Court granted the motion to withdraw filed by counsel for Plaintiff. At that conference, the Court explained extensively to the Plaintiff the perils of proceeding *pro se*, the requirement to respond to the Court when ordered, and the consequences of the failure to do so. Since that time frame, Plaintiff has not appeared or responded in any way despite the Court issuing several orders which directed Plaintiff to inform the Court as to how he intended to proceed and the cautionary notes regarding the failure to respond. *See* Docs. 108, 111, 112, 113, 114, 115, 116. Even with the Report and Recommendation, he still failed to respond or object. Therefore, the Court finds it appropriate to dismiss this case for for failure to prosecute and obey court orders.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court. Accordingly, this action is **DISMISSED without prejudice** for failure to prosecute.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 18th day of May, 2023.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE